HOLMES, Judge
(concurring specially).
At the common law grandparents did not have any legal right to visitation with their grandchildren. This was especially true where the parents denied the grandparents the opportunity to communicate with the children. It was felt that parental authority was of paramount importance and that that authority should not be weakened by any interference. Put another way, the parents should be allowed to determine with whom their children should associate. See generally, 90 A.L.R.3d 222; 59 Am. Jur.2d, Parent and Child § 92.
Case law and statutes have developed in the United States that give grandparents limited rights to visitation. Section 30-3-3 of the Alabama Code of 1975 (1982 Supp.) grants the trial court the discretion to award visitation to grandparents. However, the statute appears to be limited and does not specifically deal with what effect adoption has on that statutory right. I note that in the instant case the grandparents do not contend that § 30-3-3 applies specifically to them. The divorce proceedings have already been terminated with custody and visitation determined.
Other states with similar statutes have held that the adoption cuts off any rights the natural parent had, and derivatively, any rights that grandparents might have possessed.
Other courts have based their decisions on the right of the parents to determine with whom their children should associate.
Still other courts have held that the adoption does not automatically terminate the grandparents’ visitation rights and that proper proceedings would be necessary to determine if visitation would be in the child’s best interest. 90 A.L.R.3d 222. The majority opinion seems to advocate the last course of action.
In this instance, since the trial court found that the adoption itself as a matter of law required the trial court to take the action it took I concur in the result that the grandparents are entitled to be heard.